IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACK-ON PRODUCTS CO., ) <br> an Illinois corporation, ) <br> ) <br>             Plaintiff, ) <br> ) <br>     vs. ) <br> ) <br> CHAMPION SAFE COMPANY, INC., ) <br> a Utah Corporation, ) <br> and ) <br> SUPERIOR SAFE CO, L.L.C., ) <br> a Utah limited liability company, ) <br> ) <br>             Defendants. ) | **Civil Action No.** <br><br> **Judge** <br><br> **Jury Demanded** |

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND ILLINOIS STATE AND COMMON LAW CAUSES OF ACTION**

Plaintiff, Stack-On Product Co. (hereinafter referred to as "Stack-On" or "Plaintiff") for its Complaint for trademark infringement, unfair competition, consumer fraud and deceptive trade practice against Champion Safe Company, Inc. ("Champion") and Superior Safe Co, L.L.C. ("Superior" and with Champion, "Defendants") states and alleges as follows:

**NATURE OF THE ACTION**

1.  Stack-On is engaged in the business of manufacturing and selling storage solutions for home, office and industrial use including, among other things, safes and security cabinets for securing firearms and valuables.

2. Champion and Superior are in the business of selling safes and security cabinets for securing firearms and valuables. Copies of the home pages for Champion's and Superior's webpages are attached hereto as **Exhibits 1 and 2.**

3. On information and belief, Ray Crosby, the President of Champion, has been in the gun safe/cabinet industry since 1988 and is very familiar with Stack-On, its products and trademarks.

4. Despite Mr. Crosby's intimate knowledge of Stack-On and its products, Champion and Superior used Stack-On's well-known SENTINEL mark on and in connection with gun cabinets and safes. Given the resultant marketplace harm, as alleged more fully below, Stack-On seeks injunctive and monetary relief from Champion and Superior for false designation of origin, unfair competition, consumer fraud and deceptive trade practices.

## THE PARTIES

5. Stack-On is an Illinois corporation having its principal place of business at 1360 N. Old Rand Road, Wauconda, Illinois 60084.

6. Champion is a Utah corporation having a place of business at 2055 Tracy Hall Parkway, Provo, Utah 84606.

7. Superior is a Utah limited liability company having a place of business at 2055 Tracy Hall Parkway, Provo, Utah 84606.

## JURISDICTION AND VENUE

8. This is an action for federal trademark infringement, common law trademark infringement, and unfair competition arising under the Trademark Act of 1946, as amended,

including 15 U.S.C. §1125(a) and the common and statutory law of the State of Illinois, as set forth hereinafter.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367(a), and the doctrines of ancillary and pendant jurisdiction.

10. Champion operates an interactive website at www.championsafe.com in which they purposely direct commercial activity to Illinois. The website allows consumers in Illinois to communicate and transact business with Champion by ordering gun safes and cabinets.

11. Superior operates an interactive website at www.superiorgunsafes.com in which they purposely direct commercial activity to Illinois. The website allows consumers in Illinois to communicate and transact business with Superior by ordering gun safes and cabinets through the Champion website.

12. Defendants have a number of dealers in Illinois through which they sell their gun safes and cabinets, including, among others, Mega Sports Firearms at 16001 S. Lincoln Highway, Plainfield, Illinois. A copy of a webpage from Mega Sports Firearms website (www.megasportsfirearms.com) detailing the carrying and offering for sale of Champion and Superior safes is attached hereto as **Exhibit 3**.

13. This Court has personal jurisdiction over Defendants because: (a) on information and belief, they have transacted and continue to transact business in the State of Illinois; (b) they have authorized dealers in the State of Illinois for selling their goods including, on information and belief, the infringing goods that are the subject of this lawsuit; and (c) Defendants have committed tortious acts that they knew or reasonably should have known would cause injury to Stack-On in the State of Illinois.

14. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims associated herein occurred in this district.

## GENERAL ALLEGATIONS

15. Stack-On is the owner of United States Registration No. 2,435,774 for SENTINEL for gun and rifle cabinets ("the Stack-On SENTINEL mark").

16. Stack-On has continuously used the Stack-On SENTINEL mark in commerce in connection with gun and rifle cabinets since as least as early as 1999.

17. The Stack-On SENTINEL mark is valid. A copy of the registration certificate for the Stack-On SENTINEL mark is attached hereto as **Exhibit 4**.

18. Pursuant to 15 U.S.C. § 1057(b), the Stack-On SENTINEL federal registration certificate is *prima facie* evidence of the validity of the Stack-On SENTINEL mark as well as Stack-On's ownership and exclusive right to use the SENTINEL mark in connection with the goods identified in the registration certificate. Stack-On's federal registration for the Stack-On SENTINEL mark is incontestable under 15 U.S.C. § 1065. Pursuant to 15 U.S.C. § 1115(b), Stack-On's incontestable registration is conclusive evidence of the validity of the SENTINEL mark, Stack-On's ownership of the SENTINEL mark, and Stack-On's exclusive right to use the SENTINEL mark in commerce on or in connection with the goods identified in the registration certificate.

19. Stack-On has expended a substantial amount of time, money and effort promoting and marketing its distinctive SENTINEL trademark. As a result of its widespread promotion and use, Stack-On's SENTINEL trademark has become: extremely well known among consumers in the relevant market and community; uniquely associated with and hence identifies Stack-On as

the source of the associated cabinets and safes; and a valuable asset of Stack-On and a symbol of its goodwill.

20. Notwithstanding Stack-On's well-known and long prior trademark rights in the SENTINEL mark and registration, Defendants have adopted and continue to use the SENTINEL mark with the generic term "Safe" in connection with the promotion and sale of a competing gun safe/cabinet product. Defendants use has been at all times without the consent of Stack-On.

21. Stack-On, through its counsel, sent a cease and desist letter dated October 10, 2016 to Champion asserting its rights in the SENTINEL trademark.

22. Champion also filed for a trademark application for SAFE SENTINEL for metal safes on August 3, 2013 for metal safes. On November 21, 2013, the Examining Attorney issued an Examiner's Amendment pursuant to authorization from Mark F. Wright, Champion's counsel, to disclaim the word "Safe" apart from the SAFE SENTINEL mark on the basis that it was descriptive or generic.

23. On August 25, 2014, Champion submitted a Statement of Use to the U.S. Patent and Trademark Office declaring that the mark has been used at least as early as that date on metal safes. In support of that Statement of Use, Champion submitted photographs showing the mark being used on gun cabinets. Copies of the photographs are attached hereto as **Exhibit 5**.

24. Defendants have acted with reckless disregard for Stack-On's rights or were willfully blind in connection with their unlawful activities.

25. Defendants have willfully and maliciously engaged in their infringing activities.

26. Defendants' actions are likely to cause confusion, mistake and deception as to the affiliation, connection or association of Defendants with Stack-On, and as to the origin, sponsorship or approval of Defendants' goods.

5

27. By causing such continued likelihood of confusion, mistake and deception, Defendants will inflict irreparable harm to the goodwill symbolized by the Stack-On SENTINEL mark, for which Stack-On has no adequate remedy at law.

## COUNT I
### (Violation of the Lanham Act, 15 U.S.C. § 1114(1), Through Use of the SENTINEL Mark by Defendants)

28. Stack-On incorporates by reference the allegations set forth in Paragraphs 1 through 27 above and as for this Paragraph 28 as though fully set forth herein.

29. Defendants' unauthorized and infringing use of the Stack-On SENTINEL mark, as alleged herein, is likely to cause confusion, mistake or deception as to the source, sponsorship or approval of Defendants' products by Stack-On. The consuming public is likely to believe that Defendants' products originate with Stack-On, are licensed, sponsored or approved by Stack-On, or are in some way connected with or related to Stack-On, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

30. Defendants' infringing acts have occurred in interstate commerce and have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury to Stack-On, and to its goodwill and business reputation.

31. Stack-On has no adequate remedy at law. Monetary damages are inadequate to compensate Stack-On for the injuries caused by Defendants. Stack-On's injuries include, without limitation, loss of sales and future sales, diminished goodwill, brand erosion and irreparable injury to Stack-On's market position and reputation in the marketplace.

32. As a result of Defendants' infringement of the SENTINEL mark, Stack-On has incurred damages in an amount to be proven at trial.

33. Upon information and belief, Defendants' infringement of the SENTINEL mark is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of Stack-On's mark and is an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117. Stack-On is therefore entitled to recover three times the amount of its actual damages, and its attorneys' fees and costs incurred in this action and prejudgment interest.

**COUNT II**
**(Violation of the Lanham Act, 15 U.S.C. § 1125(a),**
**Through Use of the SENTINEL Mark by Defendants)**

34. Stack-On incorporates by reference the allegations set forth in Paragraphs 1 through 27 above and as for this Paragraph 34 as though fully set forth herein.

35. Defendants' use of the SENTINEL mark without authority is likely to cause confusion, mistake and/or deception as to the origin, sponsorship and/or affiliation of Stack-On's goods and services with those of Defendants, in violation of 15 U.S.C. 1125(a) (also known as Section 43(a) of the Lanham Act).

36. The confusion, mistake or deception referred to herein arises out of the aforesaid acts of Defendants, which, among other things, constitute false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

37. Upon information and belief, the aforesaid acts were undertaken willfully, with an intentional disregard of the rights of Stack-On and with the intention of causing confusion, mistake or deception.

38. By reason of the acts of Defendants alleged herein, Stack-On has suffered, is suffering and will continue to suffer irreparable damage and, unless Defendants are restrained

from continuing these wrongful acts, the damage to Stack-On will increase. In particular, Defendants' use of the designations as complained of herein is likely to cause Stack-On's SENTINEL mark to lose its distinctiveness and significance as an indicator of origin. Moreover, a likelihood of confusion is created by Defendants' unauthorized use of the SENTINEL mark.

39. Upon information and belief, Defendants' trademark infringement and unfair competition is deliberate, willful and without any extenuating circumstances, and is an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117. Stack-On is therefore entitled to recover three times the amount of its actual damages, its reasonable attorneys' fees and costs incurred in this action and prejudgment interest.

40. Stack-On has no adequate remedy at law.

## COUNT III
### (Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*)

41. Stack-On incorporates by reference the allegations set forth in Paragraphs 1 through 27 above and as for this Paragraph 41 as though fully set forth herein.

42. Defendants' infringing use of the SENTINEL mark has caused, and is likely to cause in the future, a public injury and a detrimental effect on consumers as to the origin of Defendants' products, inasmuch as they give rise to the false understanding that Defendants have some connection with Stack-On. Said acts constitute unfair methods of competition and unfair or deceptive acts or practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*

43. Defendants' deceptive business and advertising practices have caused and, unless restrained by this Court, will continue to cause, serious and irreparable injury to Stack-On.

44. The aforesaid acts were undertaken willfully, with an intentional disregard of the rights of Stack-On and with the intention of causing confusion, mistake or deception.

45. Stack-On has no adequate remedy at law. Monetary damages are inadequate to compensate Stack-On for the injuries caused by Defendants. Stack-On's injuries include, without limitation, loss of sales and future sales, diminished goodwill, brand erosion and irreparable injury to Stack-On's market position and reputation in the marketplace.

46. As a result of Defendants' violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, Stack-On has also incurred damages in an amount to be proven at trial, plus attorneys' fees and costs incurred in this action and prejudgment interest.

## COUNT IV
**(Violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*)**

47. Stack-On incorporates by reference the allegations set forth in Paragraphs 1 through 27 above as and for this Paragraph 47 as though fully set forth herein.

48. As alleged herein, Defendants' infringing use of the SENTINEL mark has caused, and is likely to cause in the future, a public injury and a detrimental effect on consumers as to the origin of Defendants' products, inasmuch as they give rise to the false understanding that Defendants have some connection with Stack-On. Said acts constitute deceptive trade practices in the course of Defendants' business, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*

49. Defendants' deceptive trade practices have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to Stack-On.

PFS:003094.0185.1508694.1

50. Upon information and belief, the aforesaid acts were undertaken willfully, with an intentional disregard of the rights of Stack-On and with the intention of causing confusion, mistake or deception.

51. Stack-On has no adequate remedy at law. Monetary damages are inadequate to compensate Stack-On for the injuries caused by Defendants. Stack-On's injuries include, without limitation, loss of sales and future sales, diminished goodwill, brand erosion and irreparable injury to Stack-On's market position and reputation in the marketplace.

## COUNT V
### (Common Law Trademark Infringement and Unfair Competition)

52. Stack-On incorporates by reference the allegations set forth in Paragraphs 1 through 27 above and as for this Paragraph 52 as though fully set forth herein.

53. By virtue of Defendants' acts, hereinabove pleaded, Defendants have engaged in trademark infringement and unfair competition with Stack-On under the common law and statutory laws of the State of Illinois, including the Illinois Counterfeit Trademark Act, 765 ILCS 1040/1 *et seq*.

## COUNT VI
### (Cancellation of SAFE SENTINEL Trademark Registration Under 15 U.S.C. § 1119)

54. Stack-On incorporates by reference the allegations set forth in Paragraphs 1 through 27 above and as for this Paragraph 54 as though fully set forth herein.

55. As Champion and Superior misappropriated Stack-On's SENTINAL mark for use with the generic term "safe" for the same or similar goods (metal safes and gun and rifle cabinets), use of the SAFE SENTINEL mark is likely to cause confusion or to cause mistake or

to deceive in violation of Section 2(d) of the Lanham Act (15 U.S.C. § 1052(d)). Stack-On is therefore entitled to cancellation of the SAFE SENTINEL registration under 15 U.S.C. § 1119.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stack-On Products Co. respectfully requests that this Court enter judgment in its favor and against Defendants Champion Safe Company, Inc. and Superior Safe Co, L.L.C., and enter an order granting the following relief:

1. Declaring that Defendants have violated Sections 32(1) and 43(a) of the Lanham Act and that such violations were willfully committed;

2. Declaring that Defendants have committed acts of unfair competition and deceptive business and trade practices under 815 ILCS 505/1, *et seq.* and 815 ILCS 510/1 *et seq.* and Illinois common law and that such acts were willfully committed;

3. Ordering that Defendants, their officers, directors, agents, servants, employees, successors, shareholders, assigns and attorneys, as well as all those in active concert or participation with them, be temporarily, preliminarily and permanently enjoined from:

   A. Doing any other act or thing likely to induce the mistaken belief that Defendants or their products and/or services are in any way affiliated, connected, or associated with Stack-On or its products and/or services;

   B. Using the SENTINEL mark as defined herein, and any reproduction, counterfeit, copy or imitation of said mark, in connection with the sale, offering for sale, distribution or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; and

11

      C.      Injuring Stack-On's business reputation and the goodwill associated with the Stack-On SENTINEL mark, and the business symbolized thereby, and from otherwise unfairly competing with Stack-On in any manner whatsoever;

4.      Awarding Stack-On monetary relief in an amount to be fixed by the Court or Jury in their discretion as just, including:

      A.      All profits received by Defendants from sales and revenues of any kind made as a result of their actions, and all damages sustained by Stack-On as a result of Defendants' actions, and that such profits and that such damages be trebled pursuant to 15 U.S.C. § 1117 ; and

      B.      The costs of this Action;

5.      Ordering that, pursuant to 15 U.S.C. § 1116, Defendants be directed to file with the Court and serve upon Stack-On within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction entered by this Court;

6.      Pursuant to 15 U.S.C. § 1117(a) and (b), and 815 ILCS §§ 505/10(a) & 510/3 and/or Illinois common law, because of the exceptional nature of this case resulting from Defendants' deliberate and willful infringing actions, awarding to Stack-On all reasonable attorneys' fees, costs, and disbursements incurred by it as a result of this action;

7.      Ordering that U.S. Trademark Registration No. 4,642,153 for SAFE SENTINEL be cancelled pursuant to 15 U.S.C. § 1119.

8.      Because of the exceptional nature of this case resulting from Defendants' deliberate and willful infringing actions, awarding to Stack-On punitive damages; and

PFS:003094.0185.1508694.1

9. Such other and further relief as this Court may deem just and appropriate under the circumstances.

**DEMAND FOR JURY TRIAL**

Stack-On hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**STACK-ON PRODUCTS CO.**

By: /s/ Scott W. Smilie
One of its Attorneys
Scott W. Smilie, ARDC #6243914
Phillip S. Reed, ARDC #6188253
Jonathan S. Goodman, ARDC #6256015
Patzik, Frank & Samotny Ltd.
150 S. Wacker Drive, Suite 1500
Chicago, IL 60606
312/551-8300
312/551-1101 (Fax)
ssmilie@pfs-law.com
preed@pfs-law.com
jgoodman@pfs-law.com

13